**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Johnny Frank WILLIAMS,
Defendant–Appellant.**

No. 94–7028.

United States Court of Appeals,
Tenth Circuit.

Jan. 17, 1995.

Craig Bryant (Stephen J. Knorr, Federal Public Defender, Tulsa, OK, was with him on the brief), Asst. Federal Public Defender, Tulsa, OK, for defendant-appellant.

Dennis A. Fries (John Raley, U.S. Atty., was with him on the briefs), Asst. U.S. Atty., Muskogee, OK, for plaintiff-appellee.

Before TACHA and KELLY, Circuit Judges, and VRATIL, District Judge.*

TACHA, Circuit Judge.

## I. Background

On November 30, 1993, defendant Johnny Frank Williams pleaded guilty to disposing of stolen firearms in violation of 18 U.S.C. § 922(j). At the time of defendant's sentencing, cases were pending against him in Arkansas state court. In addition, defendant had revocation petitions pending against him in various cases in which he had received suspended sentences or parole. On February 3, 1994, defendant was sentenced to imprisonment for seventy-eight months. The district court ordered that defendant's federal sentence be served consecutively to any sentence of imprisonment imposed "in Arkansas or Oklahoma in a case or cases that is now pending."

An Arkansas state court subsequently sentenced defendant to a prison term of five years to be served concurrently with his federal sentence. On August 10, 1994, United States marshals returned defendant to Arkansas to complete his state sentence. The state informed the U.S. Marshals Service that defendant had satisfied his state sentence, and defendant was returned to federal custody on August 11, 1994 to commence his federal sentence. Although the state court attempted to impose a concurrent sentence, a federal court's determination that a federal sentence run consecutive to a state sentence "is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction." *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir.1991).

Defendant appeals his sentence on the ground that the district court overstepped its authority by ordering that he serve his federal sentence consecutively to a state court sentence that had not yet been imposed.

*Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by

## II. Discussion

█ Whether to impose a consecutive or concurrent sentence is a matter within the discretion of the district court. *United States v. Russell*, 905 F.2d 1450, 1457 (10th Cir.), *cert. denied,* 498 U.S. 904, 111 S.Ct. 267, 112 L.Ed.2d 224 (1990); *see also United States v. Kalady*, 941 F.2d 1090, 1097 (10th Cir.1991). Therefore, we review the sentence imposed by the district court for an abuse of discretion.

█ Defendant argues that the district court abused its discretion in ordering the defendant's sentence to run consecutively to any sentence imposed in any case then pending in Arkansas or Oklahoma. Such a sentence is an abuse of the court's discretion, defendant argues, because 18 U.S.C. § 3584(a) does not give federal courts the authority to order that a federal sentence be served consecutively to a sentence that has not yet been imposed. Defendant relies on the first sentence of section 3584(a), which states that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run consecutively." Defendant interprets this language as forbidding the district court from ordering a consecutive sentence unless the other sentence is one that the defendant is "already subject to" at the time his federal sentence is imposed.

We disagree with defendant's interpretation of the statute. Section 3584(a) states:

If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprison-

designation.

ment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

The plain meaning of this provision is that multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district court affirmatively orders that the terms be served concurrently. *See United States v. Rising*, 867 F.2d 1255, 1260 (10th Cir.1989). We find no language in section 3584(a) prohibiting a district court from ordering that a federal sentence be served consecutively to a state sentence that has not yet been imposed. Moreover, we note that our holding is in agreement with the majority of circuit courts that have addressed this question. *United States v. Ballard*, 6 F.3d 1502, 1510 (11th Cir.1993); *United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir.), *cert. denied*, 500 U.S. 925, 111 S.Ct. 2034, 114 L.Ed.2d 119 (1991); *Salley v. United States*, 786 F.2d 546, 547 (2d Cir.1986).[1] *Contra United States v. Clayton*, 927 F.2d 491, 492–93 (9th Cir.1991).

■ Finally, while we agree with defendant that criminal sentences must be definite and certain, *Anderson v. United States*, 405 F.2d 492, 493 (10th Cir.) (per curiam), *cert. denied*, 394 U.S. 965, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969), the sentence imposed here does not violate the *Anderson* principle. In *Anderson*, the sentencing court ordered the defendant's sentence to "run consecutive to any confinement under which defendant is being held by state authorities." *Id.* at 492. The *Anderson* court held that this sentence was both definite and certain. *Id.* at 493. Defendant's seventy-eight month sentence commences upon completion of any state sentence imposed in a case that was pending at the time the federal district court sentenced him. Like the sentence imposed in *Anderson*, defendant's sentence is definite and certain.

### III. Conclusion

The district court did not abuse its discretion in ordering defendant's sentence to run consecutive to any sentence imposed against defendant in any pending case. Defendant's sentence is therefore **AFFIRMED**.

---

1. Defendant's reliance on the concurring opinion in *Salley* is unpersuasive. *See Salley*, 786 F.2d at 548 (Newman, J., concurring) (expressing disagreement with the majority's view that a district court has authority to impose a sentence consecutive to a not yet imposed sentence). Although the opinion does not rely on section 3584(a), we find the majority's reasoning persuasive and supportive of our holding.