**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN DUANE CATHCART,

        Petitioner - Appellant,

v.

UNITED STATES BUREAU OF
PRISONS,

        Respondent - Appellee.

No. 99-6424

W.D. Okla.

(D.C. No. 97-CV-1890)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

Mr. Steven Cathcart, a federal inmate appearing pro se, appeals the district court's order dismissing his petition for habeas relief under 28 U.S.C. § 2241. Mr. Cathcart argues that he is entitled to credit toward his federal sentence and

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

his subsequently imposed state sentence for time spent in federal custody. After reviewing the record and Mr. Cathcart's arguments, we grant Mr. Cathcart's motion to proceed in forma pauperis and affirm the district court.

We have reviewed the record with regard to Mr. Cathcart's history of incarceration in state and federal facilities. The magistrate judge's thorough Report and Recommendation accurately portrays these facts, see Rec. doc. 37, at 3-5 (Report and Recommendation, filed Sept. 14, 1999), and we adopt those facts as though set forth herein.

Essentially, Mr. Cathcart was sentenced on separate occasions for various state and federal violations. Because of an administrative error, Mr. Cathcart was transferred to federal custody in 1993 while he was in the process of discharging four state sentences. When the error was discovered in 1994, Mr. Cathcart was transferred back to custody of the State of Texas to complete the service of his state sentence. The time served in federal custody from 1993 through 1994 was credited to his state sentence. Mr. Cathcart does not dispute this sentence credit.

What Mr. Cathcart does dispute is the Bureau of Prison's refusal to credit time spent in federal custody to his federal sentence, in addition to his state sentence. He contends that, as a result, he is serving his federal sentence in installments. Because Mr. Cathcart is proceeding pro se, we liberally construe his petition. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Collins v. Cundy,

-2-

603 F.2d 825, 827 (10th Cir. 1979).  We review the district court's decision whether to impose a consecutive or concurrent sentence for an abuse of discretion.  See United States v. Williams , 46 F.3d 57, 58 (10th Cir. 1995).

The relevant statute reads:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently .

18 U.S.C. § 3584(a) (emphasis added).  "The plain meaning of this provision is that multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district court affirmatively orders that the terms be served concurrently."  Williams , 46 F.3d at 59.

Mr. Cathcart contends that the sentencing court was unaware of the state charges and could not have foreseen his future state sentence.  As a result, he maintains the sentencing court's omission of an order that his sentences run concurrently does not imply the sentencing court meant to preclude the federal sentence from running concurrently with the state sentence.

We disagree. The record indicates that the sentencing court was aware of the pending state charges and did not order that Mr. Cathcart serve the federal sentence concurrently with the state sentence. Because the sentencing court did not include an affirmative order regarding concurrent sentences, the sentences run consecutively.

Mr. Cathcart also contends that he has not received credit for time served. Because Mr. Cathcart's offenses occurred after November 1, 1997, the issue of jail time credit is governed by 18 U.S.C. § 3585(b), [1] which provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added); see United States v. Wilson, 503 U.S. 329, 337-38 (1992) (Stevens, J., dissenting) (stating that section 3585(b) "gives the convicted defendant a right to have his term of imprisonment shortened by the

---

[1] 18 U.S.C. § 3568 was repealed and replaced by 18 U.S.C. § 3585 (effective November 1, 1987). Section 3585 is applicable to offenses committed on or after November 1, 1987.

-4-

amount of time he has already spent in federal or state custody as a result of his offense, provided that the time has not already been credited against another sentence").

As noted above, Mr. Cathcart does not dispute that the time he served in federal custody from 1993 through 1994 has been credited to his state sentences. Mr. Cathcart began serving his federal sentence on August 5, 1997, following the completion of his incarceration for his state sentences. Mr. Cathcart is in the same position he would have been had he served the full state sentence in state custody.

For the reasons discussed above, the district court's denial of Mr. Cathcart's 28 U.S.C. § 2241 petition for a writ of habeas corpus is AFFIRMED.

Entered for the Court,


Robert H. Henry
Circuit Judge