**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

ANTONIO FLOYD,

  Defendant - Appellant.

No. 03-3061

(No. 02-CR-40112-JAR)

(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

Antonio Floyd pled guilty in federal court to one count of possession with intent to distribute crack cocaine. He appeals the district court's order that the federal sentence for possession of cocaine run consecutively to an unimposed, future state sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Following the federal indictment of Floyd for possession of crack cocaine on September 17, 2002, he was released on pre-trial supervision. Six weeks later, Floyd allegedly shot Louise Brockman, the woman whose police report led to his indictment for drug possession. Based on the alleged shooting, the state of Kansas charged Floyd in the Douglas County District Court with, among other things, attempted murder.

Floyd ultimately pled guilty to possession of cocaine in federal court, and the district court enhanced his sentence two levels based on the presentence report's factual finding that Floyd had obstructed justice by shooting and intimidating the government's key witness. Specifically, the presentence report found that he had "willfully obstructed . . . the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction" under U.S.S.G. § 3C1.1. On that basis, the federal district court sentenced Floyd to 210 months in prison and ordered that the federal sentence run consecutively to any undischarged sentence which might be imposed by the Douglas County District Court in Lawrence, Kansas.

Floyd appeals the imposition of the federal sentence as consecutive, contending that the district court erred because: (1) the state sentence did not exist at the time of the order, and therefore consecutive sentencing was improper; and (2) the federal enhancement fully accounted for the conduct involved in the

pending state trial, thus requiring that the sentence run concurrently under U.S.S.G. § 5G1.3(b). In the absence of a contemporaneous objection, we review the district court's sentencing decision for plain error. United States v. Tisdale, 248 F.3d 964, 975 (10th Cir. 2001).

Floyd argues, as an initial matter, that the federal district court's decision to sentence him consecutively to an unimposed, future state sentence was improper. As he concedes, however, United States v. Williams, 46 F.3d 57 (10th Cir. 1995) squarely forecloses this argument. In Williams, as here, the defendant argued that the district court erred by ordering that a federal sentence run consecutively to an unimposed, future state sentence. Disagreeing with the defendant's interpretation of 18 U.S.C. § 3584 (a),[1] we held in Williams that "no language in section 3584(a) prohibit[s] a district court from ordering that a federal sentence be served consecutively to a state sentence that has not yet been

_____

[1] 18 U.S.C. § 3584(a) states:

If multiple terms of imprisonment are imposed on a defendant at the same time, or . . . on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

imposed." Williams, 46 F.3d at 59. We conclude here that the district court correctly followed the binding precedent of Williams.

Floyd contends, in the alternative, that U.S.S.G. § 5G1.3(b) requires that the sentences run concurrently rather than consecutively because the district court's decision to enhance his federal sentence for obstruction of justice was predicated on the same conduct as the contemplated but unimposed, future state sentence. Because we do not agree that the enhancement fully took the state charges into account as described by U.S.S.G. § 5G1.3(b), we disagree.

U.S.S.G. § 5G1.3(b) provides that "[i]f . . . the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently." In the instant case, this guideline would require a concurrent sentence if the federal court's enhancement of Floyd's sentence for obstruction of justice had fully accounted for the impending state prosecution for attempted murder.

Here the federal district court enhanced Floyd's sentence because by shooting the government's key witness, he interfered with the federal authorities' prosecution of him for drug possession and thus obstructed justice under § 3C1.1. The conduct contemplated by the state court in its impending prosecution of Floyd, on the other hand, was Floyd's alleged attempted murder of Brockton.

Courts have been reluctant to require concurrent sentencing in similar contexts.  See United States v. Hawley, 93 F.3d 682, 688 (10th Cir. 1996) (stating that a two-level enhancement for failure to appear is not punishment for purposes of double jeopardy); United States v. Grisanti, 116 F.3d 984, 987–88 (2d Cir. 1997) (concluding that an enhancement for obstruction of justice under U.S.S.G. § 3C1.1 does not constitute punishment for the conduct involved); United States v. Ross, 77 F.3d 1525, 1550 (7th Cir. 1996) (holding the same); United States v. Bellrichard, 62 F.3d 1046, 1051–52 (8th Cir. 1995) (holding the same); United States v. Jernigan, 60 F.3d 562, 564 (9th Cir. 1995) (holding the same).

It is not the purpose of U.S.S.G. § 5G1.3(b) to preclude a single act from constituting an offense which is both sufficient to enhance a federal sentence and to justify a wholly separate state criminal prosecution.  Rather, the provision requires concurrent sentencing only when the conduct contemplated by the impending state prosecution has been "fully taken into account."  For example, § 5G1.3(b) would require a federal enhancement for obstruction of justice to run concurrently to any sentence resulting from a pending state prosecution for obstruction of justice.[2]

_____

[2] The commentary following U.S.S.G. § 5G1.3(b) provides the following example of when the guideline would require concurrent sentencing: a defendant is convicted of a federal offense charging the sale of thirty grams of cocaine, and under § 1B1.3, his sentence is enhanced for the sale of an additional fifteen

(continued...)

As we have concluded previously, the province of the guideline is to "ensure that no defendant is punished twice for the same crime." United States v. Hurlich, 293 F.3d 1223, 1229 (10th Cir. 2002) (quotation omitted). While obstruction of justice and attempted murder might, as here, sometimes result from the same course of conduct, by no stretch of the imagination are they the same crime. Thus, we conclude that the pending state prosecution for attempted murder was not "fully taken into account" under U.S.S.G. § 5G1.3(b) by the district court's enhancement of Floyd's federal sentence for obstruction of justice; consequently, the sentencing guidelines do not require a concurrent sentence in this case. Finding no plain error in the decision to sentence consecutively rather than concurrently, we **AFFIRM**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[2](...continued)
grams. However, defendant had already been convicted and sentenced for the sale of the additional fifteen grams in state court. An enhancement for the sale of the additional cocaine, in this instance, should be imposed to run concurrently to the state sentence.