**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

WILLIAM ALLEN COX,

        Defendant-Appellant.

No. 04-1378

District of Colorado

(D.C. No. 03-CR-444-RB)

## ORDER AND JUDGMENT *

Before **SEYMOUR** , **HARTZ** , and **McCONNELL** , Circuit Judges.

Defendant-Appellant William Allen Cox pled guilty to the charges in a three-count federal indictment. Between the indictment and the plea in the federal case, he pled guilty to second-degree murder in state court in Colorado. In the federal case, he was sentenced to an aggregate sentence of 168 months, to

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

run consecutively to his sentence on the state charge, which had not yet been imposed. Mr. Cox preserved an objection to the consecutive nature of the sentence. In *United States v. Williams*, 46 F.3d 57 (10th Cir. 1995), this Court held that it is permissible for a district court to order a sentence to run consecutively to a possible future state sentence. There is a split among the circuits on this issue, with the Second, Fifth, Eighth, and Eleventh Circuits holding such sentences permissible, and the Ninth, Sixth, and Seventh Circuits taking the opposite view. *Compare Salley v. United States*, 786 F.2d 546, 547 (2d Cir. 1986); *United States v. Brown*, 920 F.2d 1212, 1216-17 (5th Cir. 1991); *United States v. Mayotte*, 249 F.3d 797, 799 (8th Cir. 2001); and *United States v. Ballard*, 6 F.3d 1502, 1510 (11th Cir. 1993), *with United States v. Quintero*, 157 F.3d 1038, 1039-41 (6th Cir. 1998); *Romandine v. United States*, 206 F.3d 731, 737-39 (7th Cir. 2000); and *United States v. Clayton*, 927 F.2d 491, 492-93 (9th Cir. 1991).

In his brief in this Court, Mr. Cox acknowledges that, because of the panel ruling in *Williams*, "he cannot prevail on this issue at the Tenth Circuit panel level, but will ask for a hearing *en banc* in which he will ask the full Tenth Circuit to review this issue." He is correct about that. The panel can do nothing for him, and will await with interest his petition for rehearing *en banc*.

The judgment of the United States District Court for the District of

Colorado is therefore **AFFIRMED** .

Entered for the Court,

Michael W. McConnell
Circuit Judge