**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

IRA LEE WILKINS,

      Defendant - Appellant.

No. 04-5189
(D.C. No. 04-CR-60-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

---

Defendant-Appellant Ira Lee Wilkins appeals the district court's denial of his motion to suppress his confessions that he claims were given involuntarily and in violation of his Fifth Amendment rights. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## BACKGROUND

In early 2004, the United States Postal Inspection Service launched an investigation into the tampering of a credit card account by a person later identified as Drukyel Gaines. Gaines changed the account information to indicate that the cardholder was a Lorenzo Gray of Tulsa, Oklahoma. Shortly after these changes were made, a person purporting to be Lorenzo Gray requested a duplicate card be issued and mailed to his address in Tulsa. This card was used to make over $13,000 worth of purchases; additional cash advances in excess of $5,800 were attempted but denied.

When first interviewed by Postal Inspector Scott West, Gaines claimed that Lorenzo Gray was her boyfriend. She further stated that Gray was the person in a surveillance photograph taken of a black man wearing large diamond earrings and an "OU Sooners" baseball-style cap and using the Lorenzo Gray credit card. West later went to Gaines' residence to obtain a positive identification of Gray based on the photograph. When he arrived, Wilkins answered the door. West thought that Wilkins looked like the man in the photograph and noticed that Wilkins was wearing earrings that appeared to be identical to the ones worn in the photograph. West told Wilkins that he thought the picture was of him; Wilkins maintained it was a picture of Lorenzo Gray.

On April 21, 2004, West (along with another postal inspector) went to Gaines' residence with a warrant for her arrest. After placing Gaines in custody, West discovered Wilkins in the back bedroom. He also found an "OU Sooners" baseball cap that matched the hat in the surveillance photograph. The inspectors then took Wilkins back to the back bedroom, and questioned him about his involvement in the credit card scheme. The parties dispute whether Wilkins was orally read and whether he orally waived his Miranda rights;[1] both parties acknowledge Wilkins did not sign a written waiver. Wilkins eventually confessed, verbally and in writing, that he was the person in the surveillance photos and that he had used the credit card.

Wilkins was indicted for conspiracy and access device fraud. He moved to suppress any statements obtained during the April 21 interrogation on the grounds that he was not properly given his Miranda warnings. After a hearing, the district court denied the motion, finding that Miranda warnings were in fact given. The district court also noted that Wilkins might have been insinuating that there was some coercion involved in obtaining his confession, but declined to rule on that

---

[1]At the suppression hearing, West testified that Wilkins was read his Miranda rights, that Wilkins acknowledged that he understood his rights, and that Wilkins nevertheless stated he would talk to the inspectors. On the other hand, Wilkins testified that he was "absolutely not" read his Miranda rights.

issue.  Wilkins then pleaded guilty to conspiracy and was sentenced to nine months in prison.

### DISCUSSION

On appeal, Wilkins raises various arguments challenging the district court's denial of his motion to suppress his confessions.  However, the record reflects that Wilkins entered an unconditional plea of guilty.[2]  When a defendant voluntarily enters such a plea, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)).  Because Wilkins' confessions occurred prior to his plea, he may not now argue that those confessions were taken unconstitutionally.  Therefore, we must AFFIRM the district court's judgment.

ENTERED FOR THE COURT

---

[2]The Federal Rules of Criminal Procedure allow a defendant to enter a "conditional" guilty plea, "reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion."  Fed. R. Crim. P. 11(a)(2).  No such written document appears in the record, nor does the district court's docket sheet indicate the entry of a written, conditional plea.

David M. Ebel
Circuit Judge