**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 2, 2006**

**TENTH CIRCUIT**

JOSE AGUILAR,

      Petitioner - Appellant,

v.

T.C. PETERSON, Warden,

      Respondent - Appellee.

No. 04-6376
(W.D. Oklahoma)
(D.Ct. No. 04-CV-489-L)

**ORDER AND JUDGMENT**\*

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Jose Aguilar, a federal inmate appearing *pro se*,[1] appeals from an order

---

\* This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

dismissing his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Exercising jurisdiction under 28 U.S.C. § 1291,[2] we AFFIRM.

Aguilar was arrested for possession of marijuana in Texas on November 9, 1995, while he was out on bail for unrelated pending federal charges in Georgia. That same day, Aguilar was turned over to federal authorities for prosecution in the United States District Court for the Northern District of Georgia. On July 16, 1996, Aguilar pled guilty to the federal charges and was sentenced to ninety-eight months imprisonment.[3] On August 19, 1996, Aguilar was returned to Fort Bend, Texas, for prosecution by the State of Texas for his arrest on November 9, 1995. On January 10, 1997, Aguilar was convicted on the state charge, sentenced to six years imprisonment, and sent to a Texas state prison to serve his state sentence. On September 1, 1998, Aguilar was paroled on his Texas sentence and released to

---

[2] Because Aguilar is a federal prisoner bringing a § 2241 petition, a certificate of appealability is not necessary.

[3] Ordinarily, "a district court [has] the authority to make a federal sentence concurrent to a state sentence not yet imposed for pending state charges." *United States v. McDaniel*, 338 F.3d 1287, 1288 (11th Cir. 2003). *Cf. United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995). However, in this case, the federal district court did not state that Aguilar's federal sentence would run concurrent with his state sentence. When the federal district court's order is silent on the issue, the sentences are to run consecutively. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). We reject Aguilar's argument to the contrary. There is no evidence the Texas state court ordered his state sentence to run concurrent to his federal sentence. Even if there was such an order would not be binding on the federal district court. *See Williams*, 46 F.3d at 58 (citing *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991)).

the custody of the United States to begin serving his federal sentence. Aguilar was given credit toward his state sentence for time served between November 9, 1995, and January 10, 1997.

On appeal, Aguilar asserts he is entitled to credit toward his federal sentence for time served in Texas state prison from January 10, 1997, to September 1, 1998, under 18 U.S.C. § 3585,[4] and the Federal Bureau of Prisons' (BOP) Program Statement. We disagree.

> It is well settled that when a state surrenders a prisoner to the Federal government for the purpose of trial on a Federal charge and upon conviction and sentence in the Federal court, the Federal authorities surrender custody of the prisoner back to the state authorities for trial or imprisonment, without the prisoner having been received at a Federal penal institution for service of his Federal sentence, *the Federal sentence does not begin to run until such time as the*

---

[4] 18 U.S.C. § 3585 governs the "Calculation of a term of imprisonment":

**(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

**(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –-

  **(1)** as a result of the offense for which the sentence was imposed; or

  **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

> *prisoner is returned to Federal custody and received at the Federal penal institution for service of his Federal sentence.*

*Hayward v. Looney*, 246 F.2d 56, 58 (10th Cir. 1957) (emphasis added). In this case, Aguilar was not returned to federal custody to begin serving his federal sentence until September 1, 1998. Thus, his federal sentence did not begin to run until that date and the BOP appropriately denied Aguilar credit for the time he served in Texas state prison on his state court conviction.

The BOP's Program Statement[5] is consistent with this approach:

> If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in *exclusive federal custody* (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently.

U.S. Dept. of Justice, Bureau of Prisons Program Statement No. 5880.28(b) (emphasis added). Aguilar was not in exclusive federal custody at the time of his federal sentencing.[6] Thus, under the BOP's Program Statement, Aguilar's federal

---

[5] "A Program Statement is an internal agency guideline, which is akin to an interpretive rule. . . . Where the BOP's interpretation is a 'permissible construction of the statute,' it is entitled to 'some deference.'" *Weekes v. Fleming*, 301 F.3d 1175, 1179 n.3 (10th Cir. 2002) (quoting *Reno v. Koray,* 515 U.S. 50, 61 (1995)).

[6] According to Respondent, Aguilar was "borrowed" from Texas authorities pursuant to a writ of habeas corpus ad prosequendum. (R. Doc. 9 at 5.) Although the writ is not contained in the record, we take judicial notice of the Docket Report for Aguilar's federal case in the United States District Court for the Northern District of Georgia, Case No. 2:95-cr-00024, which lists Document 54 as the issuance of a writ of habeas corpus ad prosequendum on November 14, 1995, to be executed on November 29, 1995, at 9:30 a.m. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by*

sentence did not commence on the date of its imposition, but on September 1, 1998, the date he was surrendered to serve his federal sentence.

We AFFIRM. Aguilar's petition to proceed *in forma pauperis* on appeal is DENIED. The district court certified this case as not taken in good faith. Aguilar shall remit the full amount of the filing fee to the clerk of the district court within twenty (20) days of this order.

> **Entered by the Court:**
>
> **Terrence L. O'Brien**
> United States Circuit Judge

---

*McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).