**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 21, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TYRELL DUANE CRAWFORD,

    Defendant - Appellant.

No. 06-5203
(D.C. No. 06-CR-84-EA)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

Defendant-Appellant Tyrell Crawford appeals from the sentence imposed by the district court following his plea of guilty to one count of possession of a firearm by a previously-convicted felon in violation of 18 U.S.C. § 922(g)(1). Mr. Crawford asked the district court to consider imposing a sentence that would run concurrently with the sentences he would receive after pleading guilty to two

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

other charges in state court, but the court indicated that it did not have the power to impose a concurrent sentence because Mr. Crawford had not yet been sentenced on the state charges. On appeal, he argues the district court's failure to recognize its discretion to impose concurrent sentences under our holding in United States v. Williams, 46 F.3d 57 (10th Cir. 1995), was a legal error, and the government agrees. We exercise jurisdiction under 18 U.S.C. § 3742 and remand for resentencing.

## Background

On May 3, 2006, a federal grand jury returned an indictment charging Mr. Crawford with one count of possession of a firearm by a previously-convicted felon. At the time, Mr. Crawford was in the custody of the state of Oklahoma awaiting the disposition of two state law charges, driving under the influence and possessing controlled substances. On June 12, Mr. Crawford pled guilty to the federal felon-in-possession charge.

The Probation Office completed a Presentence Investigation Report (PSR), which determined that the appropriate Sentencing Guideline range for Mr. Crawford was 37 to 46 months' imprisonment. Although he did not contest this calculation, Mr. Crawford requested a sentence below the Guideline range and asked that it be made to run concurrently with whatever sentences he would receive in Oklahoma state court for the two charges pending there. In light of Mr.

- 2 -

Crawford's extensive criminal history, the district court determined that a sentence below the Guideline range would not be appropriate. After imposing a sentence of 46 months' imprisonment followed by three years of supervised release, the district court rejected Mr. Crawford's argument that the sentence should run concurrently with his upcoming state sentences:

> I need to address a request by [defense counsel] that was . . . for a sentence that is concurrent with the state sentences. Unfortunately, it's not feasible for this court to issue concurrent sentences because I'm the first judge to sentence. I note that there [are] still two other matters pending in state court, and I think one of them a[t] least, has a hearing date on September 15th. Nothing, of course, prohibits the state court from ordering that its sentence or sentences be served concurrently with the federal sentence, but because the federal sentence is the first sentence, I cannot order that they be served concurrently.

Aplee. Br. Attach. 1 at 10:19-11:5. Mr. Crawford timely appealed.


## Discussion

We typically review a district court's decision to impose a concurrent or consecutive sentence for abuse of discretion. Williams, 46 F.3d at 58. However, Mr. Crawford argues that the district court made a legal error in concluding that it did not have discretion to impose a concurrent sentence. As such, we will review the district court's understanding of its legal authority de novo. See Conkle v. Potter, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003).

Mr. Crawford argues that this appeal is controlled by Williams, in which

we held that "multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district court affirmatively orders that the terms be served concurrently." 46 F.3d at 59. The government agrees that, under Williams, the district court had the authority to order Mr. Crawford's sentence to run concurrently with the sentences he was to receive in state court. Aplee. Br. at 5; see also United States v. McDaniel, 338 F.3d 1287, 1288 (11th Cir. 2003).

The district court's comments indicate that it did not believe it had the authority to impose a concurrent sentence in this case. Accordingly, we must remand so that the district court may clearly exercise its discretion in sentencing Mr. Crawford. In remanding, we express no opinion regarding what the appropriate sentence for Mr. Crawford should be.

REMANDED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge