FILED
United States Court of Appeals
Tenth Circuit

November 16, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRELL DUANE CRAWFORD,

Defendant - Appellant.

No. 07-5086

(N. D. Oklahoma)

(D.C. No. 06-CR-084-001-CVE)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

This is the second appeal by Tyrell Crawford arising from the district

court's failure to rule explicitly whether his sentence should run concurrently

with a state-court sentence. Mr. Crawford pleaded guilty in the United States

District Court for the Northern District of Oklahoma to a charge of being a felon

in possession of a firearm and ammunition. *See* 18 U.S.C. §§ 922(g)(1) and

924(a)(2). The district court imposed a sentence of 46 months' imprisonment. At

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentencing Mr. Crawford requested that his sentence run concurrently with a sentence not yet imposed in Oklahoma state court on charges of driving under suspension and possession of controlled drugs. The court stated that it could not do so because the state sentence had not yet been imposed. Mr. Crawford appealed. We reversed, holding that the district court had the power to sentence Mr. Crawford concurrently. *See United States v. Crawford*, No. 06-5203, 217 Fed. App'x 774, 776 (10th Cir. Feb. 21, 2007) (unpublished). We remanded with instructions that the district court "clearly exercise its discretion in sentencing Mr. Crawford." *Id.*

In the meantime the state court sentenced Mr. Crawford to seven years' imprisonment, and ordered that the sentence run concurrently with his federal sentence. At the resentencing hearing the district court stated that the concurrent-sentence issue was now immaterial because Mr. Crawford was in federal custody and the state court had already ordered concurrent sentences. It therefore declined to rule on Mr. Crawford's request. He appeals.

Mr. Crawford argues on appeal that the district court must obey this court's mandate and decide whether to impose a concurrent sentence. But he fails to explain how he would benefit from a concurrent sentence (or even how he would be harmed if the district court ordered that his sentence be served consecutively). Although he contends that the state court could at any time in the future change its order and require instead that the state sentence run consecutively to the

-2-

federal sentence, he provides no reason to believe that this is a real possibility, nor does he explain how the federal sentence, even if it ordered concurrent sentences, could prevent such an occurrence.  When victory on appeal would have no practical consequences, the case is moot.  *See United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000) ("[W]hen the injury for which an appellant seeks judicial relief disappears or is resolved extrajudicially prior to the appellate court's decision, the appellant can no longer satisfy the Article III case or controversy jurisdictional requirement and the appeal is moot.").

We DISMISS the appeal as moot.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge