LUCERO, Circuit Judge,
dissenting:
Because I do not agree that this case satisfies the requirements for merits adjudication under Montez v. McKinna, 208 F.3d 862, 866 (10th Cir.2000), I must respectfully dissent. I would review only the issue decided by the district court— whether Eccleston successfully exhausted his administrative remedies prior to bringing this 28 U.S.C. § 2241 petition — and would affirm.
I
I agree with the district court’s holding that Eccleston has not yet exhausted his administrative remedies. See Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir.2002). As demonstrated by the record, Eccleston inquired of the South Central Regional Office (“SCRO”) of the BOP whether he is receiving credit for his federal sentence concurrently with his state sentence. In response, SCRO advised Eccleston that “[i]n order for this office to consider your request for your federal and state sentence to run concurrent, ... you should forward a copy of your federal and state judgment to this office for review.” Eccleston contends that he has since complied with this request, but explains that he has not received a decision to date. Until a final decision has issued or pursuit of administrative remedies has become futile, his claim remains unexhausted. Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir.2005).
As we held in Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir.2006), the one-year limitation period under § 2244(d)(1) applies to challenges to the execution of a sentence under § 2241. However, when “a petitioner timely and diligently exhausts his administrative remedies, [the] one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final.” Id. It follows that by dismissing Eccleston’s current petition without prejudice for failure to exhaust, the district court left the door open for the future filing of a petition challenging the BOP’s ultimate determination. I would not disturb that ruling.
II
A
In Montez, we held that “a federal court may deny on the merits an unexhausted § 2241 petition” where that petition raises “no credible federal ... claim.” 208 F.3d at 866. The petitioner in Montez sought relief from repeated transfers between prison facilities in different states. Even if Montez had exhausted his state claims, there was no state remedy available to him, because no provision of state law prohibited his transfer between facilities. Id. at 865-66. Thus there was no possibility that the actions of the state courts upon exhaustion might have affected the federal legal questions at issue. Accordingly, as I read our decision in Montez, it allows consideration of an unexhausted claim only where exhaustion could have no impact on the merits of that claim.
In this case, Eccleston seeks relief in the form of an order that his state and federal sentences be served concurrently. Exhaustion of Eccleston’s administrative remedies would allow the Bureau of Prisons (“BOP”) to contact Eccleston’s federal sentencing court and request clarification *1256 of its sentencing order. That court’s response might indeed affect our view of the merits of Eccleston’s current federal claim.
The majority concludes that Eccleston’s federal legal claim for concurrent sentences under 18 U.S.C. § 3584(a) is clearly meritless. “[Bjecause Mr. Eccleston’s federal sentence does not ‘affirmatively order’ concurrent service of his federal and state sentences, it has not been executed unlawfully.” Maj. Op. at 1254-55. This conclusion apparently rests on United States v. Williams, 46 F.3d 57 (10th Cir.1995), in which we held that “[t]he plain meaning of [§ 3584(a)] is that multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district court affirmatively orders that the terms be served concurrently.” Id. at 59. But we have not decided whether a later statement from the federal sentencing court might give rise to an exception to the general rule articulated in Williams.
BOP Program Statement 5160.05 provides that BOP Regional Directors may “designate a state institution for concurrent service of a federal sentence” when “consistent with the intent of the federal sentencing court or the goals of the criminal justice system.” BOP Program Statement 5160.05 § 8. The sentencing court’s intent can be ascertained in several ways, including explicit imposition of a concurrent sentence, id. § 9(b)(1), an inmate’s request for a nunc pro tunc designation, id. § 9(b)(4), or a state’s request that the sentences be served concurrently, id. § 9(b)(5). When a state request is received, the Program Statement directs Regional Inmate Systems Administrators, “if necessary, [to] correspond with the federal sentencing court to ascertain whether it has any objections to the federal and state sentences running concurrently.” Id. § 9(b)(5)(a). In this case, the record indicates that Eccleston may succeed in obtaining a request for concurrent sentences from the state of New Mexico, and of course, he is also entitled to make his own request for a nunc pro tunc designation.
Williams does not address whether a district court’s later statement of intent, given in response to a BOP request under the Program Statement, would constitute an “affirmative order,” or otherwise give rise to an exception to the rule that sentences will “normally” run consecutively. Given the possibility that Eccleston’s federal legal claim might not be clearly merit-less after the completion of the BOP’s administrative process, I would not decide the issue absent exhaustion of that process.
B
Because no state relief was available to the petitioner in Montez, review without exhaustion in that case did not threaten to alter or influence the as-yet-uncompleted state proceedings. See 208 F.3d at 865-66. In this case, however, an administrative remedy under the Program Statement may well be available to Eccleston. Although the majority purports to dismiss Eccleston’s claims without prejudice to his ability to seek discretionary relief from the BOP, an appellate court decision which states that granting relief would be legally incorrect is surely prejudicial to any discretionary decision to the contrary. See Maj. Op. at 1254.
Our general policy of reviewing only exhausted claims is grounded in strong principles of judicial economy and respect for administrative agency deliberation. See, e.g., Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir.2005) (listing seven policy reasons supporting administrative exhaustion requirements). Because a decision on the merits would run contrary to these *1257 principles, I consider it inappropriate to review Eccleston’s unexhausted petition.