Melinda A. **GREENE**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 2:05CR–00724.

United States District Court,
D. Utah,
Central Division.

Oct. 21, 2008.

David P. Larson, U.S. Postal Service, Sandy, UT, for Respondent.

## ORDER

J. THOMAS GREENE, District Judge.

On June 10, 2008, Petitioner submitted a 28 U.S.C. § 2255 Motion to Amend Sen-

tence. In her motion, Petitioner requested that her federal sentence run concurrent to that of her state sentence which she is currently serving.

On October 24, 2007, this Court sentenced Petitioner to one year and one day in federal prison. On the same day, Petitioner's judgment of conviction became final. However, in state court, approximately two weeks after federal sentencing, Petitioner was sentenced to serve eighteen months in state prison for the same act for which she had been sentenced in federal court. At the time of federal sentencing, the Court did not specify whether Petitioner's federal sentence was to run concurrent or consecutive to any state sentence not yet imposed.

■ The United States Code provides that, "Multiple terms of imprisonment imposed at different times run consecutively *unless the court orders that the terms are to run concurrently.*" 18 U.S.C. § 3584(a) (2000) (emphasis added). Since the Court was silent at the time of sentencing as to whether Petitioner's federal sentence would run concurrent or consecutive to her federal sentence, it was assumed that the federal sentence would run consecutively to the state sentence.

■ However, the Tenth Circuit Court of Appeals has held that a district court may declare that a federal sentence run consecutive to a state sentence not yet imposed. *United States v. Williams,* 46 F.3d 57, 59 (10th Cir.1995) ("We find no language in section 3584(a) prohibiting a district court from ordering that a federal sentence be served consecutively to a state sentence that has not yet been imposed."). Furthermore, it is within the federal court's discretion to declare whether a federal sentence will run concurrent or con-

secutive to a state court sentence. *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir.1991).

██ Because 18 U.S.C. § 3584(a) allows district courts to decide whether sentences should run concurrently, and because the Tenth Circuit, in *Williams*, has interpreted 18 U.S.C. § 3584(a) to allow district courts to declare that a federal sentence run consecutively to a state sentence not imposed, it follows that district courts have discretion to determine whether a federal sentence should run *concurrent* to a state sentence not yet imposed.

"A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from ... the date on which the judgment of conviction becomes final...." 28 U.S.C. § 2255 (2006).

Petitioner submitted her motion on June 10, 2008, and the judgment of her conviction became final on October 24, 2007, thus her motion falls well within the one year period allowed by the statute.

Because this Court would be acting within its discretion to amend Petitioner's federal sentence so that it runs concurrent to her state sentence, and because Petitioner submitted her motion within the time allowed under the statute, petitioner's Motion to Amend Sentence is GRANTED.

IT IS SO ORDERED.