**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

IRA LEE WILKINS,

Defendant-Appellant.

No. 09-5027

(N.D. of Okla.)

(D.C. No. 4:04-CR-00060-TCK-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Ira Lee Wilkins appeals from the sentence imposed by the district court

following the district court's conclusion that Wilkins violated the terms of his

supervised release. Wilkins asked the district court to impose a sentence that

would run concurrently with any sentence he might receive in two pending state

criminal prosecutions, but the court declined to do so. On appeal, he argues the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

district court failed to recognize its authority to impose a concurrent sentence with the yet-to-be decided state sentences. Because we find that the district court recognized its discretion and merely decided not to exercise that discretion in this case, we conclude the sentence was procedurally reasonable, and AFFIRM.

## I. Background

Wilkins pleaded guilty to conspiracy and fraud, and the district court sentenced him to nine months' imprisonment and three years supervised release. We affirmed his conviction in *United States v. Wilkins*, 158 F. App'x 141, 143 (10th Cir. 2005).

While on supervised release, Wilkins was arrested after repeatedly missing scheduled drug tests and monthly reports, as well as for flunking drug testing. The district court subsequently found Wilkins had violated the terms of his supervised release.

Prior to Wilkins's sentencing on his violation of supervised release, unrelated state criminal charges were filed against him in Tulsa and Wagoner County, Oklahoma.[1] At sentencing before the federal district court, Wilkins argued any federal sentence should run concurrently with his yet-to-be-imposed sentences in these state cases.

---

[1] The charges concerned assault on a police officer and breaking into a house, respectively.

-2-

The district court, however, denied his request.  Specifically, the district court stated:

> The Court finds that there is some case law out there that would allow a federal sentence to be served concurrently. I think *United States v. Williams*, 46 F.3d 57. And there's a circuit split on a question of whether a district court has authority to order a federal sentence to run concurrent to a state sentence that has yet to be imposed.
>
> Frankly, I don't see much wisdom in that particular way of doing things. Certainly not in this case. We don't know in Mr. Wilkins' situation whether he's even going to be convicted of any state court violations or any state statutory violations. He's pled innocent, presumed to be innocent in both of those matters, Wagoner County and the Tulsa County case.
>
> And it seems to me that the last court to sentence is in the best position to make a total determination concerning Mr. Wilkins. And that will be based on the events here today, as well as what happens in any trials that he's involved in in state court. So that aspect of the sentencing memorandum will be denied.

R. Vol. II., Tr. Sentencing p. 4, 5.

The district court then revoked Wilkins's supervised release and sentenced him to ten months in prison and twenty-six months' supervised release.  This appeal followed, in which Wilkins argues the district court erred procedurally in failing to recognize it had authority to run Wilkins's sentence concurrently with his yet-to-be-imposed state sentences.

## II.  Discussion

We review a district court's decision to impose a concurrent or consecutive sentence for abuse of discretion. *United States v. Williams*, 46 F.3d 57, 58 (10th

-3-

Cir. 1995). But Wilkins argues the district court committed legal error by failing to recognize its authority to impose a concurrent sentence in his case. We review the district court's legal authority de novo. *See United States v. Fay*, 547 F.3d 1231, 1235 (10th Cir. 2008); *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003).

We conclude the district court understood its authority to impose a concurrent sentence; it simply chose not to do so. We thus find no legal error.

The district court's comments demonstrate it believed it had the authority to impose a concurrent sentence in this case. Specifically, the court stated that "there is some case law out there that would allow a federal sentence to be served concurrently." R. Vol. II., Tr. Sentencing p. 4. The court then cited proper authority within the Tenth Circuit for that very position: *Williams*, 46 F.3d at 58–59.

Indeed in *Williams*, we explained that "[w]hether to impose a consecutive or concurrent sentence is a matter within the discretion of the district court." *Id.* at 58.[2] After acknowledging the discretion of the district court in these circumstances, we further explained that "multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district

---

[2] Ordinarily, under Tenth Circuit law, a district court has this discretion. *See Williams*, 46 F.3d at 58–59. As Wilkins emphasizes, however, a district court lacks discretion to impose a sentence concurrent to a *previously completed* state sentence. *Fay*, 547 F.3d at 1236.

court affirmatively orders that the terms be served concurrently." *Id.* at 59; *see also United States v. Eccleston*, 521 F.3d 1249, 1250 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 430 (2008) (finding where federal sentence did not affirmatively order that it was to run concurrently with state sentence that the execution of consecutive sentences was lawful). Finally, we concluded that nothing in federal law prohibited a federal court from ordering that a federal sentence be served consecutively to a state sentence that had not yet been imposed.[3] *Williams*, 44 F.3d at 59; *see also Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006) (rejecting as foreclosed by *Williams* the argument that although a district court ordinarily is authorized to impose either consecutive or concurrent sentences, that authority is prohibited in cases where the additional sentence has yet to be imposed); *States v. McDaniel*, 338 F.3d 1287, 1288 (11th

---

[3] Federal law provides guidance where multiple terms of imprisonment are imposed at the same time and at different times. 18 U.S.C. § 3584(a) provides:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Cir. 2003) ("[A] district court [has] the authority to make a federal sentence concurrent to a state sentence not yet imposed for pending state charges.").

Despite Wilkins's attempt to argue otherwise, nothing in *Williams* implies that the district court lacked authority to impose a concurrent sentence in this case. Instead, *Williams* makes clear that when there are yet-to-be-imposed state sentences, the decision of whether to impose a concurrent or consecutive federal sentence lies in the discretion of the district court.

The district court did note a circuit split in this area.[4] But the district court had already made clear its view that Tenth Circuit law would allow a concurrent sentence. The court simply concluded that despite its authority to impose a concurrent sentence, such a sentence would not be appropriate in this case. *See* R. Vol. II., Tr. Sentencing p. 4–5. ("Frankly, I don't see much wisdom in that particular way of doing things. *Certainly not in this case*. We don't know in Mr. Wilkins' situation whether he's even going to be convicted of any state court violations or any state statutory violations. . . . [T]he last court to sentence is in the best position to make a total determination concerning Mr. Wilkins." (emphasis added)).

---

[4] The circuit split concerns whether district courts have authority to impose consecutive sentences when there are yet-to-be-imposed state sentences. *See Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000) (recognizing the division of courts of appeals "on the question whether a district court may require its sentence to be served consecutively to a state sentence that will be imposed in the future" and citing cases).

In sum, the record demonstrates that the district court recognized its discretion to impose a concurrent sentence; it merely chose not to. Therefore, the court did not err in assessing its authority.[5]

\* \* \*

For the foregoing reasons, we AFFIRM the judgment of the district court.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[5] In its response brief, the government also contends the sentence was substantively reasonable. But because Wilkins does not actually make arguments on this ground, we decline to address the issue.