FILED
United States Court of Appeals
Tenth Circuit

April 3, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN ANTONIO CUBILLAS,

    Defendant - Appellant.

No. 17-4010
(D.C. No. 1:15-CR-00054-JNP-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

    Juan Antonio Cubillas pled guilty to one count of reentry of a previously removed alien, in violation of 8 U.S.C. § 1326. Mr. Cubillas' plea agreement contained a broad waiver of his rights to appeal or collaterally attack his sentence. Despite this waiver, Mr. Cubillas seeks to appeal from the district court's denial of a motion he filed related to a sentencing determination. The government has filed a motion seeking to enforce the waiver in Mr. Cubillas' plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court sentenced Mr. Cubillas to 40 months in prison. This sentence was within the advisory guidelines range of 37 to 46 months. Mr. Cubillas' federal sentence made no reference to any state sentence and, as a result, did not specify whether his federal sentence was to run concurrent with or consecutive to any state sentence.

Over a year after sentencing, Mr. Cubillas filed a "Motion for Clarification and/or Request for Recommendation to the Bureau of Prisons." R. at 32. In his motion, Mr. Cubillas explained that he had been unsuccessful in having the Bureau of Prisons (BOP) credit the time he spent in state custody on a drug charge towards his federal sentence. He argued that the BOP's failure to award him "prior jail credits . . . result[ed] in the lengthening of [his] sentence beyond the terms of imprisonment imposed by the federal court." R. at 34. He therefore requested that the district court issue an order clarifying that his federal and state sentences should run concurrently. Alternatively, he requested that the district court issue a recommendation to the BOP "supporting a nunc pro tunc designation so that he may receive credit against his federal sentence for the time spent in the state of Utah's custody." *Id*. at 35.

The district court denied the motion for clarification, explaining that "there was no ambiguity in the sentence requiring clarification" because "[t]he issue was never raised and the court never addressed it." *Id*. at 46. The court also denied Mr. Cubillas' alternative request that it recommend that the two sentences run concurrently. Mr. Cubillas seeks to appeal the district court's denial of his motion,

2

but the government asserts that the appeal is barred by the terms of the waiver in the plea agreement.

Under *Hahn*, 359 F.3d at 1325, we consider the following three factors in determining whether to enforce a waiver in a plea agreement:  (1) does the disputed appeal fall within the scope of the waiver; (2) was the waiver knowing and voluntary; and (3) would enforcing the waiver result in a miscarriage of justice.  Mr. Cubillas' sole argument is that his appeal is outside of the scope of the waiver in his plea agreement.  Because he does not contest that his waiver was knowing and voluntary and he does not assert that enforcing the waiver would result in a miscarriage of justice, we need not address those factors.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

Under the terms of Mr. Cubillas' plea agreement, he waived his right "to appeal any sentence imposed upon me, and the manner in which the sentence is determined," except for certain situations not applicable here.  Mot. to Enforce, Attach. A at 3.  He also waived his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure . . . ."  *Id*. at 4.  He further understood and agreed "that the word 'sentence' . . . is being used broadly, and applies to all aspects of the Court's sentencing authority . . . ."  *Id*.

Mr. Cubillas argues that his claim is beyond the scope of the plea agreement because he is not challenging his sentence.  But he is in fact challenging a specific component of his sentence by seeking to have the district court "clarify" or amend his

sentence to direct that his federal sentence should run concurrent with his previously imposed state sentence. This challenge falls within the sentencing authority of the district court because it had the discretion to order his federal and state sentences to run concurrently. *See United States v. Williams*, 46 F.3d 57, 58 (10th Cir. 1995) ("Whether to impose a consecutive or concurrent sentence is a matter within the discretion of the district court."); *see also* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). And, in *Hahn*, 359 F.3d at 1328, we held that a challenge regarding the district court's failure to exercise its discretion to impose a sentence concurrent to another federal sentence fell within the scope of the general waiver related to sentencing matters.

For the foregoing reasons, we conclude that Mr. Cubillas' appeal falls within the scope of the waiver in his plea agreement. Accordingly, we grant the government's motion to enforce and dismiss this appeal.

Entered for the Court
Per Curiam