9 F.3d 110
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Lamont HOLMES, Defendant-Appellant.
 No. 92-6225.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1993.
 
 Before MARTIN and SILER, Circuit Judges, and WEBER, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Anthony Lamont Holmes appeals his conviction of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). The issue is whether the district court abused its discretion in imposing a consecutive sentence to defendant's state sentence pursuant to 18 U.S.C. Secs. 3584 and 3553(a), when the prosecution agreed not to oppose a concurrent sentence. For reasons stated herein, we affirm.
 
 
 2
 On October 3, 1990, defendant was convicted of receiving stolen property exceeding $200 in value in state court. On May 19, 1991, defendant entered a television repair store operated as a storefront sting by the Knoxville, Tennessee, Police Department for the purpose of purchasing stolen property and contraband and videotaping the transactions. After entering the store, defendant sold a .38 caliber revolver for $100. On May 20, 1991, defendant returned and sold a .308 caliber rifle for $300. Defendant's state sentences were also a result of bringing stolen items to this store. Defendant agreed to plead guilty, and the government agreed not to oppose the imposition of a sentence concurrent with time defendant was serving on the state charges. The district court sentenced defendant to 24-months imprisonment to run consecutively to his unexpired state sentence.
 
 
 3
 Defendant argues that the district court abused its discretion in sentencing him to a consecutive sentence, even though he concedes that the court had discretion to impose a consecutive sentence with an unexpired state sentence. See 18 U.S.C. Sec. 3584; see also United States v. Colbert, 977 F.2d 203, 207 (6th Cir.1992). In addition, a district court may impose a federal sentence to run consecutively with an anticipated state sentence. United States v. Brown, 920 F.2d 1212, 1216-17 (5th Cir.), cert. denied, 111 S.Ct. 2034 (1991). When determining whether to impose a consecutive sentence, the court must consider the factors set forth in Sec. 3553(a). See Colbert, 977 F.2d at 207.
 
 
 4
 The district court considered the Sec. 3553(a) factors, finding that: (1) defendant had, for his age of 22, one of the longest records it had ever seen, having received sentences as an adult on twelve separate convictions in a four-year period; (2) defendant had not been deterred by the previous sentences, and in fact was on parole at the time he committed the instant offense; (3) the public needed to be protected from further crimes; and (4) it was necessary to provide respect for the law and just punishment. In addition, the court analyzed: (1) whether the court possessed discretion to order either concurrent or consecutive sentences; (2) how much time defendant would serve in the state system under his state sentences; and (3) defendant's overall criminal history profile to determine whether a deterrent theory of punishment was effective. There was no abuse of discretion by the district court.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation