**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darin QUINTERO, Defendant–Appellant.**

No. 97–3861.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 26, 1998.

Decided Oct. 9, 1998.

Gary L. Spartis (argued and briefed), Office of the U.S. Attorney, Columbus, OH, for Plaintiff–Appellee.

Steven S. Nolder (argued and briefed), Federal Public Defender's Office, Columbus, OH, for Defendant–Appellant.

Before: KENNEDY and RYAN, Circuit Judges; CLELAND, District Judge.*

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

## OPINION

KENNEDY, Circuit Judge.

Defendant Darin Quintero raises two issues on appeal concerning his sentence for violating supervised release: (1) whether the District Court erred when it ordered his federal sentence to be served consecutively to a state sentence that had not yet been imposed and (2) whether the District Court was required to provide Quintero with an opportunity to allocute before sentencing him for violating supervised release. For the following reasons, we will REVERSE and hold that the District Court lacked statutory authority to impose a federal sentence consecutively to a yet to be imposed state sentence and REMAND for further proceedings consistent with this opinion and this circuit's recent opinion in *United States v. Waters*, 158 F.3d 933, No. 97–5513, 1998 WL 658665 (6th Cir. Sept.28, 1998), which prospectively requires courts to provide defendants with an opportunity to allocute before sentencing for violations of supervised release.

### I.

In 1991, Quintero was convicted of conspiring to distribute cocaine. The District Court sentenced Quintero to 42 months of incarceration followed by a five-year period of supervised release. During his term of supervised release, a Franklin County Grand Jury indicted Quintero for felonious assault. Two days later, defendant's probation officer filed a report alleging that Quintero had violated his supervised release by committing a felonious assault, testing positive for cocaine use, and assisting in the distribution of cocaine.

The felonious assault charge was still pending in Franklin County Common Pleas Court when the District Court conducted Quintero's revocation hearing and revoked his supervised release. Before imposing a sentence, the District Court then heard from the defendant's counsel and the government, but did not provide the defendant with an opportunity to allocute by asking the defen-

dant personally if he had anything to say. The District Court sentenced Quintero to 18 months of incarceration to be served consecutively to any sentence imposed by the State of Ohio in the pending state proceedings.

On appeal, Quintero does not contest the District Court's determination that he violated the conditions of his supervised release. He argues that the District Court erred by ordering his federal sentence to be served consecutively to a state sentence that had not yet been imposed and by not providing an opportunity to allocute.

### II.

This court reviews questions of statutory construction de novo. *See United States v. Truss*, 4 F.3d 437, 438 (6th Cir.1993) (reviewing de novo the question of whether 18 U.S.C. § 3583(e) authorizes a district court's supervised release sentencing action). If a court has authority to impose a consecutive or concurrent sentence, the court's choice of a consecutive or concurrent sentence is reviewed for abuse of discretion. *See United States v. Devaney*, 992 F.2d 75, 76–77 (6th Cir.1993). The issue before us is whether 18 U.S.C. § 3584(a) authorizes a district court to order a sentence to be served consecutively to a not yet imposed state sentence. Because this is a question of statutory interpretation rather than a review a district court's choice between two statutorily authorized options, the de novo standard applies. *But see United States v. Williams*, 46 F.3d 57, 58–59 (10th Cir.1995) (addressing the same issue before this court and holding that the decision "[w]hether to impose a consecutive or concurrent sentence is a matter within the discretion of the district court" and reviewing for abuse of discretion)

We hold that 18 U.S.C. § 3584(a) does not authorize district courts to order a sentence to be served consecutively to a not-yet-imposed state sentence.[1] To reach our

---

1. In an unpublished Sixth Circuit opinion, the court stated in dicta that "a district court may impose a federal sentence to run consecutively with an anticipated state sentence." *United States v. Holmes*, 9 F.3d 110, 1993 WL 337545 (6th Cir.1993). Two other unpublished Sixth Circuit cases have stated that a district court cannot impose a sentence to run *concurrently* with a yet to be imposed state sentence. *See United States v. Means*, 124 F.3d 201, 1997 WL 584259, at *2 (6th Cir.1997); *United States v. Abro*, 116 F.3d 1480, 1997 WL 345736 (6th Cir. 1997).

conclusion, we primarily rely on the language of section 3584(a). Section 3584(a) only authorizes district courts to impose concurrent or consecutive sentences if the court either imposes multiple terms of imprisonment on the defendant at the same time or imposes a sentence on a defendant who is *already subject* to an undischarged term of imprisonment." 18 U.S.C. § 3584(a). Specifically, section 3584(a) provides in relevant part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). The Ninth Circuit has also concluded that section 3584(a) does not authorize federal courts to order a sentence to be served consecutively to a yet to be imposed state sentence. *See United States v. Clayton,* 927 F.2d 491, 492–93 (9th Cir. 1991).

Other circuits have reached the opposite conclusion that section 3584(a) permits a district court to impose a sentence to be served consecutively to a yet to be imposed state sentence. *See United States v. Williams,* 46 F.3d 57, 58–59 (10th Cir.1995); *United States v. Ballard,* 6 F.3d 1502 (11th Cir.1993); *United States v. Brown,* 920 F.2d 1212, 1215–17 (5th Cir.1991); *cf. Salley v. United States,* 786 F.2d 546, 547–48 (2d Cir.1986) (holding that a district court can impose a consecutive sentence to a yet to be imposed state sentence under the statutory scheme that predated section 3584(a)).[2] The Tenth Circuit, in *Williams,* relied on the "plain meaning" of the last sentence of section 3584(a), which provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

See 46 F.3d at 58–59. The *Williams* court also stated that "[w]e find no language in section 3584(a) prohibiting a district court from ordering that a federal sentence be served consecutively to a state sentence that has not yet been imposed." *Id.* at 59.

We disagree with the *Williams* court's reading of the final sentence of section 3584(a). The language neither abrogates the requirement that to run consecutively there be an undischarged sentence or sentences imposed at the same time nor expands a district court's authority; it establishes a default rule that applies if a district court fails to specify whether a sentence should run concurrently or consecutively *and* either of the initial two conditions are satisfied—"multiple terms of imprisonment are imposed on a defendant at the same time, or ... a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment." 18 U.S.C. § 3584(a). The Second Circuit has also rejected the *Williams* court's reading of this language in deciding whether section 3584(a) mandates that all sentences imposed at different times must be served consecutively:

> The opening sentence of § 3584(a) establishes that this statute applies where multiple terms of imprisonment are imposed on a defendant at the same time, or where a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. The presumptions established by the last two sentences of § 3584(a) must be read in light of this limiting language at the beginning of the section. As defendant was neither subjected to multiple terms of imprisonment at the same time nor was he already subject to his state sentence when his federal sentence was imposed, the presumption that terms of imprisonment imposed at different times run consecutively does not apply to him.

*McCarthy v. Doe,* 146 F.3d 118, 121–22 (2d Cir.1998). Additionally, the legislative history of this provision indicates that the purpose of the language relied on by the *Williams*

**2.** The Second Circuit recently noted that *Salley* addressed the statutory scheme that existed prior to 1987 and stated that "[t]his Court ... has not addressed the issue under 18 U.S.C. § 3584(a)." *McCarthy v. Doe,* 146 F.3d 118, 121 (2d Cir. 1998).

court is to establish "a rule of construction in the cases in which the court is silent as to whether sentences are consecutive or concurrent." S.REP. No. 98–225, at 127 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3310.

We also decline to follow the reasoning of the Fifth or Eleventh Circuit cases addressing this issue. The Fifth Circuit in *Brown* relied on the district court's general discretion in choosing between imposing a consecutive or concurrent sentence. *See* 920 F.2d at 1216–17. We do not believe that this general discretion can trump the express statutory conditions we have discussed. We distinguish *Ballard* based on the *Ballard* court's own repeated stress on the "unique" facts of the case—the defendant, while in state custody awaiting his state trial and a likely ten-year mandatory minimum sentence, committed a federal crime (threatening the President) in order to be transferred to a federal prison to serve some of his time in federal prison concurrent with his state sentence. *See* 6 F.3d at 1508 n. 9, 1510 ("[T]his case is unique among the circuits in that we are convinced that Ballard's conduct was a blatant attempt to manipulate the federal and state sentencing courts.").

Finally, we note that allowing a district court to order a sentence to be served consecutively to a not yet imposed state sentence would create situations not contemplated by the statute. Consider the following example. A defendant is out on bail awaiting his state trial. He is tried and convicted of a federal crime. The district court orders that his sentence is to run consecutively to a not yet imposed state sentence and he is taken into federal custody and his sentence begins. Later, the state sentences the defendant. To give effect to the federal sentence, the Bureau of Prisons or the Attorney General would have to transfer the defendant to state custody to serve his state sentence, then receive the defendant back to complete his federal sentence.[3] Nothing in the statute indicates that Congress contemplated this start, stop, and start again sentence.

For the foregoing reasons, the District Court erred when it ordered the defendant's sentence to be served consecutively to a yet to be imposed state sentence. We remand to the District Court for sentencing consistent with this opinion.

## III.

In *United States v. Waters*, 158 F.3d 933, No. 97–5513, 1998 WL 658665 (6th Cir. Sept.28, 1998), this court recently "exercise[d] our supervisory powers to require the district courts in our circuit to provide defendants with an opportunity to allocute before imposing a sentence for a violation of supervised release." 158 F.3d at 944, Slip op. at 21, 1998 WL 658665, at *12. The *Waters* court held that the requirement of allocution only applies prospectively. *See* 158 F.3d at 945–46, Slip op. at 22, 1998 WL 658665, at *13. However, because we are reversing and remanding for resentencing on the ground that the District Court erred when it ordered the defendant's sentence to be served consecutively to a yet to be imposed state sentence, *Waters* will apply prospectively in relation to the resentencing and Quintero will have the opportunity to allocute at his resentencing.

## IV.

For the foregoing reasons, we reverse the District Court's imposition of the defendant's sentence and remand for further proceedings consistent with this opinion.

---

3. 18 U.S.C. § 3585(a) provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."