UNITED STATES of America, Plaintiff–Appellee,

v.

Tommy H. HAMILTON, Defendant– Appellant.

No. 99–6628.

United States Court of Appeals, Sixth Circuit.

March 7, 2001.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; and TARNOW, District Judge.*

PER CURIAM.

Tommy H. Hamilton appeals the new term of supervised release imposed on him after he violated conditions of his original supervised release.

I.

On July 25, 1990, a federal jury convicted Tommy H. Hamilton of bank robbery, in violation of 18 U.S.C. § 2113(a) and (b); conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; and possession of a firearm during a bank robbery, in violation of 18 U.S.C. § 924(c). The district court sentenced Hamilton to eight years and ten months imprisonment, with three years of supervised release to follow his incarceration. The term of supervised release fell within the guideline range of three to five years. U.S. Sentencing Guidelines § 5D1.2 (1993).

Congress amended 18 U.S.C. § 3583 on September 13, 1994, to include the follow-

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

ing section, among others: "When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h) (1995).

Hamilton began serving his term of supervised release in Tennessee on May 3, 1999. He violated the conditions of his release throughout that summer and fall by driving under the influence of alcohol, using alcohol excessively, failing to pay costs of his supervision, failing to submit monthly supervision reports, and failing to report to his probation officer. Hamilton did not contest the violations at his revocation hearing on October 25. After sentencing and a motion to reconsider, the district court sentenced Hamilton to eleven months imprisonment and four years of supervised release, pursuant to Section 3583(h).

In his timely appeal, Hamilton contends that in imposing supervised release pursuant to Section 3583(h), the district court violated the Ex Post Facto Clause, as his original crimes occurred well before that subsection was enacted in 1994. Without that subsection, Hamilton argues, the district court lacked authority to impose a new term of supervised release.

## II.

■ This Court reviews questions of statutory construction de novo. *United States v. Quintero,* 157 F.3d 1038, 1039 (6th Cir.1998).

After the district court issued its order and Hamilton filed his appellate brief, the U.S. Supreme Court decided *Johnson v. United States,* 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). In *Johnson,*

the Court held that in cases where a defendant violates conditions of his supervised release, a district court cannot impose a new term of supervised release under Section 3583(h). However, the Court approved imposing a new term under the pre-September 13, 1994, version of Section 3583(e)(3). *Id.* at 1802, 1807.

Before its 1994 amendment, Section 3583(e)(3) read, in part, "The court may ... revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on post–release supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (1993). The Court noted that this subsection limits the possible prison term to the duration of the term of supervised release originally imposed. *Id.* at 1807.

The Court went on to note in dicta that if less than the maximum term of supervised release had originally been imposed, a district court could "presumably ..., before revoking the term, extend it pursuant to § 3582(e)(2)." *Id.* at 1807. Section 3582(e)(2) reads, "The court may ... extend a term of supervised release if less than the maximum authorized term was previously imposed." 18 U.S.C. § 3582(e)(2) (1993).

■ Hamilton's case fits squarely under *Johnson's* dicta. Here, Hamilton's original three-year term of supervised release was two years less than the five-year maximum under the guideline range. Although the district court did not expressly state that it was extending Hamilton's supervised release before revoking it, the court essentially did so when imposing Hamilton's new term of eleven months incarceration plus four years of supervised release.

The district court did not extend Hamilton's supervised release beyond the range authorized by the sentencing guidelines. *Johnson*'s dicta suggests that this situation presents no constitutional problem.

### III.

For the foregoing reasons, we AFFIRM the decision of the district court.