**UNITED STATES of America Plaintiff–Appellee,**

v.

**Anthony WHITE Defendant–Appellant.**

**No. 00–1752.**

United States Court of Appeals, Sixth Circuit.

Dec. 21, 2001.

Before CLAY and GILMAN, Circuit Judges; EDGAR, Chief District Judge.[*]

EDGAR, Chief District Judge.

Defendant Anthony White appeals the sentence imposed upon him in the district

---

[*] The Honorable R. Allan Edgar, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

court on the grounds that (1) the district court erred when it failed to give him credit for time served while he was in state custody; and (2) the district court abused its discretion by failing to specify whether his federal sentence should run concurrent to his state court incarceration. We AFFIRM.

## I.

In 1994 White was convicted in the Michigan state courts of possession with intent to deliver under fifty grams of cocaine. After being paroled and returned to custody on two different occasions in 1995 and 1996, he was again placed on parole November 4, 1997. While on state parole he sold cocaine base to an ATF agent on March 17, March 19, April 6, April 14, April 30, and May 12, 1998. On May 13, 1998, White was arrested after a search of his home and vehicle revealed cocaine hydrochloride, cocaine base, marijuana, firearms, ammunition, and a bullet proof vest. For some reason, White was then released temporarily from federal custody; but on August 6, 1998, he was, as a result of his federal offenses, taken into custody by the state as a parole violator on his 1994 state conviction.

On July 16, 1999, an ATF agent filed a criminal complaint against White for the 1998 federal crimes; and on August 17, 1999, an indictment was returned charging White with various federal drug and firearms offenses. He eventually pleaded guilty to one count of distribution of cocaine base. His sentencing guideline range was 151–188 months. The district court granted the government's motion for a downward departure based on White's substantial assistance, and sentenced him to a 96–month period of incarceration on his federal offense. White asked the district court that he be given credit for the time he had served in state custody for the

state parole violation occasioned by White's federal law violation. The district court declined to do this, leaving that decision to the Bureau of Prisons.

## II.

■ At the oral argument of this case, White conceded that it was not error for the district court to refrain from granting White credit for any time he spent in state custody on the state parole violation. This concession is, of course, necessary because this is a matter over which the district court has no authority, but which is to be determined by the Attorney General through the Bureau of Prisons. *United States v. Wilson,* 503 U.S. 329, 333–336, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Crozier,* 259 F.3d 503, 520 (6th Cir.2001).

■ The other error asserted in this appeal is that the district court failed to order that White's federal sentence run concurrent to his state court incarceration. This issue was not raised in the district court. Therefore, defendant has waived this issue on appeal unless he can demonstrate that the district court committed plain error. *United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir.1998).

> To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious and clear; (3) that the error affected the defendant's substantial rights; and (4) that the adverse impact seriously affected the fairness, integrity, or public reputation of judicial proceedings.

*Id.* at 949.

Normally, when a federal defendant is on state parole at the time of his federal offense, and the state parole is therefore revoked, the federal sentence should run consecutively, not concurrently, to the

term of imprisonment imposed by the state for violation of parole. U.S.S.G. § 5G1.3 application n. 6 (1998). However, the district court does have the discretion to impose a concurrent sentence in appropriate cases. *United States v. Quintero*, 157 F.3d 1038, 1039 (6th Cir.1998). While it is the better practice for a district court to specify whether a sentence is consecutive or concurrent to a state court sentence, it was not plain error to fail to do so. This is especially so where, as in this case, the precise length of White's state incarceration was, and still is, in some doubt.[1]

AFFIRMED.

---

1. White represents in his brief that he thought that the state would defer to the federal sentence, but in fact did not do so, and the state parole board decided to hold him for at least one more year. It is, of course, unknown what the state parole board will do in the future.