**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0492n.06

No. 09-2506

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Jul 18, 2011***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| FREDERICK SUTTON, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |

BEFORE: NORRIS, ROGERS, and GRIFFIN, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Defendant Frederick Sutton pleaded guilty to one count of bank robbery, 18 U.S.C. § 2113(a), in exchange for the dismissal of a second count that charged him with transportation of stolen property, 18 U.S.C. § 2314. At the sentencing hearing, the district court sentenced defendant to 120 months of incarceration. It also stated that, "[o]f necessity, this sentence must be consecutive to the state sentence which apparently has been imposed or is to be imposed as a result of the underlying convictions." There are two problems with this pronouncement that require a limited remand: first, the district court appears to have felt constrained to impose consecutive sentences; second, it lacked the authority to impose a federal sentence that runs consecutively to a not yet imposed state sentence.

Prior to sentencing, the district court received a Presentence Investigation Report ("PSR") prepared by a United States probation officer. The PSR noted that by committing the instant federal

offense, defendant violated terms of his parole for several state convictions. However, at the time of his federal sentencing, he had yet to be sentenced for any state parole violation.

The district court convened a sentencing hearing on November 24, 2009. It imposed the sentence described above. Defense counsel lodged no objection to the sentence. When a party fails to object to a defect in sentencing despite being given the opportunity do so, as is the case here, we review a challenge to the sentence for plain error. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc). To show plain error, a defendant must point to the following:

> (1) an error, (2) that is plain, and (3) that affects his fundamental rights. If the defendant satisfies these three conditions, we may exercise our discretion to correct the error only if the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings.

*United States v. Vasquez*, 560 F.3d 461, 470 (6th Cir. 2009) (citations omitted).

We turn first to the comment of the district court that it must "of necessity" impose consecutive sentences. In a case remarkably similar to this one, we observed that U.S.S.G. § 5G1.3(c), which the guidelines designates a policy statement, provides that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." *United States v. Gibbs*, 506 F.3d 479, 487 (6th Cir. 2007). In light of this language, we went on to conclude "the district court's statement that [defendant's] federal sentence must be consecutive to his state sentence constitutes plain error." *Id.* at 488. Because the district court erroneously believed that an aspect

of the guidelines was mandatory when it was not, there is a presumption of prejudice to the defendant and a remand for resentencing is required. *Id.*

As in this case, the defendant in *Gibbs* had yet to be sentenced for his state parole violation. While that consideration did not factor into our analysis in *Gibbs*, we have held elsewhere "that 18 U.S.C. § 3584(a) does not authorize district courts to order a sentence to be served consecutively to a not-yet-imposed state sentence." *United States v. Quintero*, 157 F.3d 1038, 1039 (6th Cir. 1998) (footnote omitted). Thus, in the instant case, the district court's pronouncement that defendant's federal sentence shall run consecutively to "the state sentence which . . . is to be imposed as a result of underlying convictions" constituted plain error. The district court corrected that misstatement in its written judgment, which was signed on the day of the sentencing hearing. It reads in part: "The sentence shall run consecutively to any state court sentence now being served." However, where there is a discrepancy between an orally imposed sentence and the written judgment, the oral sentence generally controls. *United States v. Cofield*, 233 F.3d 405, 406-07 (6th Cir. 2000).

How to proceed? Neither party disputes that at the time of sentencing no state sentence had been imposed on defendant. Thus, the prejudicial effect of the oral sentence would appear to be non-existent and remand therefore unnecessary. Likewise, the district court's erroneous belief that it was obliged to impose consecutive sentences would have had no adverse consequences for defendant because there was no existing state sentence which would delay the commencement of his federal sentence. That said, in both *Quintero* and *Gibbs* we remanded for resentencing under circumstances similar to those here. For the sake of consistency, we will remand this case to afford the district court the opportunity to determine, first, whether any state sentence existed at the time the federal

sentence was imposed. Assuming that no such sentence existed, the district court shall amend its

judgment to reflect that fact. If, which seems unlikely, such a state sentence did exist, then the

district court shall resentence defendant recognizing that it has the authority to run the federal

sentence "concurrently, partially concurrently, or consecutively to the prior undischarged term of

imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c), p.s.

The judgment is **vacated** and the matter **remanded** for proceedings consistent with this

opinion.

GRIFFIN, Circuit Judge, concurring in part and dissenting in part.

I concur in the majority opinion, except I respectfully dissent regarding the remedy. In my view, our established precedent requires us to remand for resentencing, rather than to remand for amendment of the judgment.

The present case and *United States v. Gibbs*, 506 F.3d 479 (6th Cir. 2007) are substantially similar. In *Gibbs*, "[a]t the time Gibbs was indicted for the [federal] offense, he was in the custody of the Michigan Department of Corrections for violating the terms of his state parole." *Id.* at 487. Like defendant Sutton, "Gibbs had not yet been sentenced for the parole violation when he was sentenced by the district court." *Id.* Nevertheless, the same district judge who would later sentence defendant Sutton stated in *Gibbs* that, under § 5G1.3(c), the federal sentence he was imposing "must be consecutive to the state sentence which has underlying violations of parole not necessarily related to this case." *Id.* (internal quotation marks omitted).

In our published, and therefore precedentially-binding opinion in *Gibbs*, we ruled that the district court committed plain error because the explicit language of § 5G1.3(c) is clearly permissive, granting the district court discretion regarding how to impose a sentence. *Id.* at 487-88. Most importantly, we held that "where the district court believes that an aspect of the Guidelines is mandatory, there is a presumption of prejudice to the substantial rights of the defendant, and *a remand for resentencing is required.*" *Id*. at 488 (emphasis added); *see also United States v. Bowman*, 634 F.3d 357, 362 (6th Cir. 2011) (reversing the same district judge for again failing to recognize his discretion under § 5G1.3(c) and remanding for resentencing). In *Gibbs*, we explained "that prejudice is presumed because the district court's failure to recognize its discretion in

sentencing renders it impossible for the defendant 'to show that the subjective decision of the court would have been different if the error had not occurred[.]'" *Id.* (quoting *United States v. Trammel*, 404 F.3d 397, 402 (6th Cir. 2005)).

Although not directly addressed by the *Gibbs* court, the district court in *Gibbs*, like the district court here, also erred when it ordered the defendant's federal sentence be served consecutively to a state sentence that had not yet been imposed. *See United States v. Quintero*, 157 F.3d 1038, 1039 (6th Cir. 1998) ("We hold that 18 U.S.C. § 3584(a) does not authorize district courts to order a sentence to be served consecutively to a not-yet-imposed state sentence."). However, a compound error does not alter the appropriate remedy. In both *Gibbs* and *Quintero*, we held that the required remedy was resentencing. *See Quintero*, 157 F.3d at 1041 ("[T]he District Court erred when it ordered the defendant's sentence to be served consecutively to a yet to be imposed state sentence. We remand to the District Court for sentencing consistent with this opinion."); *Gibbs*, 506 F.3d at 488.

In the present case, the majority declines to follow our well-settled precedent requiring a remand for resentencing. Therefore, I must respectfully dissent in part. I would vacate the district court's judgment and remand for resentencing as mandated by *Gibbs*, *Quintero*, and *Bowman*.