OPINION
ALAN E. NORRIS, Circuit Judge.
Defendant Frederick Sutton pleaded guilty to one count of bank robbery, 18 U.S.C. § 2113(a), in exchange for the dismissal of a second count that charged him with transportation of stolen property, 18 U.S.C. § 2314. At the sentencing hearing, the district court sentenced defendant to 120 months of incarceration. It also stated that, “[o]f necessity, this sentence must be consecutive to the state sentence which apparently has been imposed or is to be imposed as a result of the underlying convictions.” There are two problems with this pronouncement that require a limited remand: first, the district court appears to have felt constrained to impose consecutive sentences; second, it lacked the authority to impose a federal sentence that runs consecutively to a not yet imposed state sentence.
Prior to sentencing, the district court received a Presentence Investigation Report (“PSR”) prepared by a United States probation officer. The PSR noted that by committing the instant federal offense, defendant violated terms of his parole for several state convictions. However, at the time of his federal sentencing, he had yet to be sentenced for any state parole violation.
The district court convened a sentencing hearing on November 24, 2009. It imposed the sentence described above. Defense counsel lodged no objection to the sentence. When a party fails to object to a defect in sentencing despite being given the opportunity do so, as is the case here, we review a challenge to the sentence for plain error. United States v. Vonner, 516 F.3d 382, 385 (6th Cir.2008) (en banc). To show plain error, a defendant must point to the following:
(1) an error, (2) that is plain, and (3) that affects his fundamental rights. If the defendant satisfies these three conditions, we may exercise our discretion to correct the error only if the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings.
United States v. Vasquez, 560 F.3d 461, 470 (6th Cir.2009) (citations omitted).
We turn first to the comment of the district court that it must “of necessity” impose consecutive sentences. In a case remarkably similar to this one, we observed that U.S.S.G. § 5G1.3(c), which the guidelines designates a policy statement, provides that “[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.” United States v. Gibbs, 506 F.3d 479, 487 (6th Cir.2007). In light of this language, we went on to conclude “the district court’s statement that [defendant’s] federal sentence must be consecutive to his state sentence constitutes plain error.” Id. at 488. Because the district court erroneously believed that an aspect of the guidelines was mandatory when it *366 was not, there is a presumption of prejudice to the defendant and a remand for resentencing is required. Id.
As in this case, the defendant in Gibbs had yet to be sentenced for his state parole violation. While that consideration did not factor into our analysis in Gibbs, we have held elsewhere “that 18 U.S.C. § 3584(a) does not authorize district courts to order a sentence to be served consecutively to a not-yet-imposed state sentence.” United States v. Quintero, 157 F.3d 1038, 1039 (6th Cir.1998) (footnote omitted). Thus, in the instant case, the district court’s pronouncement that defendant’s federal sentence shall run consecutively to “the state sentence which ... is to be imposed as a result of underlying convictions” constituted plain error. The district court corrected that misstatement in its written judgment, which was signed on the day of the sentencing hearing. It reads in part: “The sentence shall run consecutively to any state court sentence now being served.” However, where there is a discrepancy between an orally imposed sentence and the written judgment, the oral sentence generally controls. United States v. Cofield, 233 F.3d 405, 406-07 (6th Cir.2000).
How to proceed? Neither party disputes that at the time of sentencing no state sentence had been imposed on defendant. Thus, the prejudicial effect of the oral sentence would appear to be nonexistent and remand therefore unnecessary. Likewise, the district court’s erroneous belief that it was obliged to impose consecutive sentences would have had no adverse consequences for defendant because there was no existing state sentence which would delay the commencement of his federal sentence. That said, in both Quintero and Gibbs we remanded for resentencing under circumstances similar to those here. For the sake of consistency, we will remand this case to afford the district court the opportunity to determine, first, whether any state sentence existed at the time the federal sentence was imposed. Assuming that no such sentence existed, the district court shall amend its judgment to reflect that fact. If, which seems unlikely, such a state sentence did exist, then the district court shall resentence defendant recognizing that it has the authority to run the federal sentence “concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.” U.S.S.G. § 5G1.3(c), p.s.
The judgment is vacated and the matter remanded for proceedings consistent with this opinion.