GRIFFIN, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority opinion, except I respectfully dissent regarding the remedy. In my view, our established precedent requires us to remand for resentencing, rather than to remand for amendment of the judgment.
The present case and United States v. Gibbs, 506 F.3d 479 (6th Cir.2007) are substantially similar. In Gibbs, “[a]t the time Gibbs was indicted for the [federal] offense, he was in the custody of the Michigan Department of Corrections for violating the terms of his state parole.” Id. at 487. Like defendant Sutton, “Gibbs had not yet been sentenced for the parole violation when he was sentenced by the district court.” Id. Nevertheless, the same district judge who would later sentence defendant Sutton stated in Gibbs that, under § 5G1.3(c), the federal sentence he was imposing “must be consecutive to the state sentence which has underlying violations of parole not necessarily related to this case.” Id. (internal quotation marks omitted).
*367 In our published, and therefore preeedentially-binding opinion in Gibbs, we ruled that the district court committed plain error because the explicit language of § 5G1.3(c) is clearly permissive, granting the district court discretion regarding how to impose a sentence. Id. at 487-88. Most importantly, we held that “where the district court believes that an aspect of the Guidelines is mandatory, there is a presumption of prejudice to the substantial rights of the defendant, and a remand for resentencing is required. ” Id. at 488 (emphasis added); see also United States v. Bowman, 634 F.3d 357, 362 (6th Cir.2011) (reversing the same district judge for again failing to recognize his discretion under § 5G1.3(c) and remanding for resentencing). In Gibbs, we explained “that prejudice is presumed because the district court’s failure to recognize its discretion in sentencing renders it impossible for the defendant ‘to show that the subjective decision of the court would have been different if the error had not occurred!.]’ ” Id. (quoting United States v. Trammel, 404 F.3d 397, 402 (6th Cir.2005)).
Although not directly addressed by the Gibbs court, the district court in Gibbs, like the district court here, also erred when it ordered the defendant’s federal sentence be served consecutively to a state sentence that had not yet been imposed. See United States v. Quintero, 157 F.3d 1038, 1039 (6th Cir.1998) (“We hold that 18 U.S.C. § 3584(a) does not authorize district courts to order a sentence to be served consecutively to a not-yet-imposed state sentence.”). However, a compound error does not alter the appropriate remedy. In both Gibbs and Quintero, we held that the required remedy was resentencing. See Quintero, 157 F.3d at 1041 (“[T]he District Court erred when it ordered the defendant’s sentence to be served consecutively to a yet to be imposed state sentence. We remand to the District Court for sentencing consistent with this opinion.”); Gibbs, 506 F.3d at 488.
In the present case, the majority declines to follow our well-settled precedent requiring a remand for resentencing. Therefore, I must respectfully dissent in part. I would vacate the district court’s judgment and remand for resentencing as mandated by Gibbs, Quintero, and Bowman.