NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0204n.06

Case No. 12-3146

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Mar 17, 2014
DEBORAH S. HUNT, Clerk

MICHAEL J. McPARTLAND, )
)
Petitioner-Appellant, )
)
v. )
)
UNITED STATES OF AMERICA, )
)
Respondent-Appellee. )
)
_____/ )

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

Before: BATCHELDER, Chief Judge; GUY and MOORE, Circuit Judges.

**RALPH B. GUY, JR., Circuit Judge.** Michael McPartland appeals the denial of his 28 U.S.C. § 2255 motion. For the following reasons, we remand for further consideration by the district court.

## I.

In August of 2008, McPartland pleaded guilty to nine counts of bank robbery in violation of 18 U.S.C. § 2113. In accordance with McPartland's plea agreement, the federal district judge sentenced McPartland to 76 months of imprisonment for each of the nine bank robbery counts, to be served concurrently. At the time of his federal

sentencing, McPartland also faced an Ohio state assault charge for backing his car into an Ohio police cruiser while trying to avoid arrest in connection with the nine bank robberies. There was no mention of this state assault charge at McPartland's federal sentencing and McPartland's counsel did not request that his federal sentence be served concurrently with the anticipated but not-yet-imposed state assault sentence.[1]

McPartland later pleaded guilty to the Ohio assault charge pursuant to a plea agreement that provided that the state would recommend McPartland's state sentence run concurrently with his federal sentence. The Ohio court rejected the state's recommendation and sentenced McPartland to three years of imprisonment, to be served consecutively to his federal sentence. McPartland served the Ohio sentence then, in December of 2010, he began serving his federal sentence. McPartland provides a computer printout from January 5, 2011, which indicates that the Bureau of Prisons did not credit him for time served on his state conviction.

McPartland then filed his § 2255 motion on November 14, 2011, requesting that the court credit him with time served for the 944 days he was imprisoned on his state conviction. In addressing the motion, the district judge listed several reasons for denial, although it is clear that the primary reason was that he was bound by our decision in *United States v. Quintero*, 157 F.3d 1038 (6th Cir. 1998), where we held that district courts did not have the authority to order federal sentences to be served consecutively to a not-yet-imposed state sentence.

---

[1] The federal sentencing court did take McPartland's flight from Ohio police into account when it applied a two-level sentencing enhancement under Federal Sentencing Guidelines § 3C1.2, Reckless Endangerment During Flight.

Shortly thereafter, the Supreme Court issued its decision in *Setser v. United States*, 132 S. Ct. 1463, 1473 (2012), which held that it is within a district court's discretion to order a defendant's federal sentence to run consecutively or concurrently to an anticipated state sentence. *Setser* abrogated *United States v. Quintero*.

In light of *Setser*, we granted McPartland a certificate of appealability. We have concluded that the § 2255 petition is timely because it was filed within one year of the *Setser* decision and not barred by the appellate waiver McPartland signed, *see United States v. Bowman*, 634 F.3d 357, 361 (2011). Because the district judge correctly concluded at the time that he could not order a concurrent sentence, a remand, in light of *Setser*, would be the best way to resolve these issues. Upon remand, the district judge is free to order that the sentences be concurrent and give McPartland credit for time served on his state sentence, or decline to do so. We express no opinion on what course of action the district judge should follow.

**REMANDED.**