**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0627n.06

Nos. 13-2022/2094

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 13, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| | ) | |
| FREDERICK SUTTON, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

**BEFORE: NORRIS, ROGERS, and GRIFFIN, Circuit Judges.**

**PER CURIAM.** This case is before us for the second time. In *United States v. Sutton*, 433 F. App'x 364 (6th Cir. 2011), we remanded the matter to the district court for resentencing. Defendant had pleaded guilty to a single count of bank robbery, 18 U.S.C. § 2113(a), and received a sentence of 120 months of incarceration. In imposing that punishment, the district court noted that "[o]f necessity, this sentence must be consecutive to the state sentence which apparently has been imposed or is to be imposed as a result of the underlying convictions." *Id.* at 365 (quoting sentencing transcript). As we pointed out, however, this pronouncement contained two flaws: first, the court failed to recognize that it had the discretion not to impose consecutive

1

sentences; second, it lacked the authority to impose a federal sentence that runs consecutively to a not-yet-imposed state sentence.[1] *Id.*

The district court entered an amended judgment on July 16, 2013, nearly two years after our mandate issued. (R. 44, Amended Judgment, (Page ID 168)). In the judgment the district court deleted any reference to a state court sentence. (Page ID 169.) Defendant filed a notice of appeal on July 30, 2013. (Case number 13-2022).

Despite that appeal, the district court entered a second amended judgment on August 8, 2013. (R. 49, Amended Judgment, (Page ID 185)). That judgment provided that "[t]he sentence [of 120 months] shall run concurrently with any state court sentence being served." (Page ID 186.) Defendant also appealed that judgment. (Case number 13- 2094).

Prior to issuing these two amended judgments, the district court did not hold a sentencing hearing, nor did it issue any order or opinion explaining these judgments. In short, the reasoning of the district court on remand is limited to the sparse language of the judgments themselves.

We must now decide whether, as defendant contends, a second remand to the district court is required in order to allow it to explain its sentencing rationale. He also believes that his right to due process was compromised by the two-year delay between our remand and resentencing. We have held that "upon a general remand for resentencing, a defendant has a right to a plenary resentencing hearing at which he may be present and allocute." *United States v. Garcia-Robles*, 640 F.3d 159, 161 (6th Cir. 2011). Moreover, the district court is obliged "to state its reasons for the sentence 'in open court.'" *Id.* Neither occurred in the instant case.

---

[1] Since our opinion issued, the United States Supreme Court has made clear that a district court retains the discretion to order that a federal sentence be served either concurrently or consecutively to an as yet to be imposed state sentence. *Setser v. United States*, 132 S. Ct. 1463, 1466 (2012).

However, as the government points out, ours was a limited remand, and an opportunity for allocution is not required at resentencing following a limited remand. *United States v. Jeross*, 521 F.3d 562, 585 (6th Cir. 2008).

The government also notes that defendant received the relief that he sought in his original appeal: concurrent sentences. The first amended judgment makes no mention of the state sentence at all; the second provides that the federal sentence run concurrently to it. Hence, his appeals are arguably moot because we cannot order any relief beyond what either of the amended judgments provide.

The government also contends that the second amended judgment is not before us inasmuch as the notice of appeal from the first amended judgment deprived the district court of jurisdiction. *See United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984) ("It is well settled that the filing of the notice of appeal with the district court deprives the district court of jurisdiction to act in matters involving the merits of the appeal."). Defense counsel does not dispute this proposition but argues that the second amended judgment "suggests that the district court believed the July 16 amended judgment was entered in error." *See* Reply Brief at 2.

The government's arguments have a great deal of force. Defendant has not shown how the regrettable two-year delay prejudiced him in any manner. The second amended judgment would have granted defendant the relief that he originally sought in the form of concurrent sentences. However, the filing of the notice of appeal deprived the district court of jurisdiction to enter that judgment. While it would have been preferable had the district court entered an order clarifying its sentencing rationale in order to aid our appellate review, we would be comfortable in this instance in affirming its second amended judgment because that judgment results in relief for defendant: concurrent state and federal sentences. But as the district court

lacked jurisdiction to enter that judgment, we will remand this case again so that the district court can properly enter its August 8 amended judgment.

The amended judgment of the district court entered on July 16, 2013, is **vacated**. Because the district court lacked jurisdiction to enter a second amended judgment after an appeal to this court had been taken, we **dismiss** the appeal docketed as case number 13-2094.